IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  CRIMINAL ACTION NO. 1:03cr80WJG-1

DALE ROY CREEL

O R D E R

THIS CAUSE is before the Court on the motion [280] of the Defendant, Dale Roy Creel, who requests the Court to direct Defendant's counsel to release a copy of the case file, transcripts, and trial records filed in this case. (Ct. R., Doc. 280, p. 2.) Creel indicates that he intends to file a motion under 28 U.S.C. § 2255 to appeal his conviction or sentencing, and without physical access to his case file he will be unable to proceed with filing that motion. *Id.* According to Creel, his case file which was held in storage at the United States Prison at Beaumont, Texas, was destroyed by Hurricane Katrina. (Ct. R., Doc. 280-5, p. 2.) He claims that his inability to acquire a new copy of his case file constitutes a violation of the First Amendment which guarantees the right to inspect and copy public records of criminal proceedings. *Id.*, p. 3.

Creel contends that his counsel, William W. Martin and Julie Ann Epps, repeatedly ignored messages sent by certified mail requesting a copy of his case file. (Ct. R., Doc. 280-1, pp. 3-4; Doc. 280-2, Exhs. A-B.) Creel seeks a court order to counsel for release of the case file to him at copy costs or alternatively, to direct the Clerk's office to inform him of the cost to copy

the case file, transcripts, and trial records filed in this case. (Ct. R., Doc. 280, p. 7.) Creel sent a letter to the Court Clerk inquiring about the total cost for a copy of the transcripts and records in his case file, and he was told that the copy cost was $.50 per page, with no further breakdown of the cost. (Ct. R., Doc. 280, p. 3; Doc. 280-3, p. 2.)

A federal prisoner is not entitled to obtain court records at the expense of United States of America [United States] to search for possible defects in the proceedings merely because he is indigent. *United States v. Herrera*, 474 F.2d 1049 (5th Cir. 1973), *cert denied* 414 U.S. 861; *Crowan v. United States*, 445 F.2d 855 (5th Cir. 1971). Creel may, however, obtain the records by submitting the cost of the records to the Clerk. The Court, therefore, directs the Clerk to provide Creel with a statement of the cost of copying his entire district court case record. Should Creel desire a copy of proceedings at the Fifth Circuit Court of Appeals, he must contact the Clerk of that Court for a similar summary of costs. Otherwise, the Court finds that the motion for an order to compel counsel to furnish documents should be denied. It is, therefore,

ORDERED that Creel's motion [280] to direct counsel to release a copy of his case file, transcripts and trial records in this case be, and is hereby, denied. It is further

ORDERED that the Clerk of the Court inform Defendant of the total cost required to copy his entire case file, transcripts, and trial records.

SO ORDERED, this the 13th day of October, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE