IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS

CRIMINAL NO.1:03cr80WJG-1
CIVIL ACTION NO. 1:10cv420WJG

DALE ROY CREEL, a/k/a Shorty

## ORDER

THIS CAUSE comes before the Court on the motion [281] of the Defendant, Dale Roy Creel, to vacate, set aside or correct his previously imposed sentence pursuant to 28 U.S.C. § 2255. The petition, filed August 20, 2010, contends that the mandatory impositions of sentence enhancements for the firearm offense portion of his conviction were unconstitutionally applied. (Ct. R., Doc. 281, pp. 1, 4.) He contends that he should be allowed to file an out-of-time *habeas* petition because he is innocent of the charges advanced against him. (*Id.*, p. 4.)

> Under 18 U.S.C. § 924(c), the following applies:
>
> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of the law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A)(I).

Creel contends that the United States Supreme Court[1] is set to review whether a defendant's constitutional rights are violated by a sentence enhancement which creates a consecutive mandatory sentence. (Ct. R., Doc. 281, p. 2.)

The United States Supreme Court decided the *Abbott* and *Gould* cases shortly after Creel's motion was filed, and found that defendants are subject to consecutive sentences despite the fact that higher minimum sentences for separate counts of a conviction results. *Abbott v. United States*, ___U.S. ___, 131 S.Ct. 18, 23 (2010). The Court concludes that, despite Creel's arguments to the contrary, the sentence he received is constitutionally sound and there is no basis for granting the relief sought in this petition. Accordingly, Creel will not be granted relief pursuant to 28 U.S.C. § 2255 based on his allegations concerning his sentence.

Creel has not demonstrated a "substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2), and the Court finds that he is not entitled to a certificate of appealability on any of the claims asserted in his pleadings. It is therefore,

ORDERED AND ADJUDGED that Creel's motion to vacate [281] the previously imposed sentence be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that Creel is not entitled to a certificate of appealability. It is further,

ORDERED AND ADJUDGED that this cause be, and is hereby, dismissed with prejudice.

SO ORDERED, this the 16th day of May, 2011.

_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE

---

[1] *United States v. Abbott, United States v. Gould*, ___ U.S. ___, 131 S.Ct. 18, 23 (2010).